IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2017

**WILLIAM GREENE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**Nos. 14-06056, 12-06396, I1300007      Glenn Ivy Wright, Judge**

_____

**No. W2017-00222-CCA-R3-PC**
_____

The Petitioner, William Greene, appeals the denial of his petition for post-conviction relief. The Petitioner pled guilty to aggravated assault, being a convicted felon in possession of a firearm, and intentionally evading arrest in a motor vehicle. Pursuant to the plea agreement, he received an effective three-year sentence. The Petitioner sought post-conviction relief, asserting that he received ineffective assistance of counsel and that his guilty plea was not voluntarily and intelligently entered because trial counsel failed to inform him of a special condition waiving his ability to petition to suspend the remainder of his sentence. Following a hearing, the post-conviction court denied relief. After review of the record and applicable law, we affirm the post-conviction court's denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Seth M. Segraves, Memphis, Tennessee, for the appellant, William Greene.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Dennis Johnson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

The Petitioner pled guilty to aggravated assault, being a convicted felon in possession of a firearm, and intentionally evading arrest in a motor vehicle. Pursuant to the plea, he was sentenced to three years for aggravated assault, three years for the firearm offense, and one year for evading arrest. The sentences were to run concurrently with each other, but consecutively to an effective five-year sentence for two prior convictions, in both of which he consented to a probation revocation. As a special condition of the guilty plea, the Petitioner was barred from filing a petition to suspend the remainder of his sentence.

## Guilty Plea Hearing

At the plea hearing, the State proffered the factual basis for the Petitioner's guilty plea. The State asserted that on July 30, 2014, the Petitioner and another individual were observed getting inside a vehicle by law enforcement officers. When one officer noticed that the vehicle's tags were expired, the officers attempted to stop the vehicle, but the Petitioner fled at a high rate of speed and swerved at the officers' car. When the officers eventually caught the Petitioner, a gun was located in the vehicle near the Petitioner. The individual in the car with the Petitioner claimed ownership of the gun.

During an extensive colloquy, the Petitioner stipulated a factual basis for the plea, testified that his attorney went over a petition for waiver of trial by jury with him, and stated that he understood the rights he was waiving. The trial court went over each charge and the respective sentence. Nothing was mentioned regarding the special condition that the Petitioner would be prohibited from petitioning to suspend the remainder of his sentence.

The Petitioner testified that he was entering his plea freely and voluntarily and that nobody was forcing him to do so. Although the Petitioner maintained that he was innocent of the aggravated assault and firearm charges, he agreed that the evidence would be sufficient to support the convictions and that entering a plea was in his best interest. The trial court explained that although the Petitioner considered himself innocent of some of the charges, the Petitioner was guilty under the eyes of the law once the court accepted his guilty plea. The Petitioner testified that he understood. Accordingly, the trial court found that the Petitioner entered his plea knowingly and voluntarily and accepted his guilty plea.

Each judgment included the special condition, which prevented the Petitioner from petitioning to suspend the remainder of his sentence. The judgments were signed by the trial judge, the prosecutor, and trial counsel. The Petitioner's signature was not included on any of the judgments.

The Petitioner filed a post-conviction petition, which was amended following the appointment of counsel. On appeal, the Petitioner claims that because trial counsel failed to inform the Petitioner of the special condition prior to the guilty plea, he did not receive effective assistance of counsel and his plea was not entered into freely and voluntarily.

## Post-Conviction Hearing

Trial counsel represented the Petitioner in this case and in the hearings addressing the revocation of probation for his prior convictions. Trial counsel testified that he met with the Petitioner "on a couple of occasions," during which they reviewed discovery and "discussed [the Petitioner's] options and what offers were being made." Trial counsel testified that the first offer he received from the prosecution was five years to run consecutively to the remaining sentences from the Petitioner's prior convictions. The only special condition mentioned at that time was that the Petitioner would not be able to petition the court to suspend the entire sentence. This initial offer was corroborated by an e-mail message between the prosecution and trial counsel. Trial counsel further testified that he was able to negotiate with the prosecution to reduce the offer to three years to run consecutively to the sentences resulting from the probation revocations. Nothing was mentioned about petitioning for a suspension of the remainder of the sentence until the day of the plea hearing.

Trial counsel testified that when he was with the Petitioner in a back room going over the plea agreement paperwork, the Petitioner asked if he could file for a "time cut." Trial counsel testified that this was the first time the Petitioner ever mentioned petitioning to suspend his sentence. Trial counsel responded that although the prosecutor had not specifically excluded a "time cut," he did not want to ask the prosecutor about the term because the prosecutor would refuse the term and include it in the agreement. Trial counsel testified that he told the Petitioner that if the prosecutor said the Petitioner could not petition for suspension of the remainder of his sentence, "then that's the deal and [the Petitioner's] got to live with it." Trial counsel testified that the Petitioner responded, "[O]kay."

Trial counsel stated that as soon as he exited the back room with the Petitioner, and before the plea was entered, the prosecutor told trial counsel that the Petitioner would not be able to "file a time cut." Trial counsel responded, "[O]kay." Trial counsel stated that he turned to the Petitioner, who was present when the statement was made, and said, "[Y]ou can't file a time cut." The Petitioner again responded, "[O]kay."

The special condition was not mentioned during the plea hearing but was included on the judgment, which was signed by trial counsel. Trial counsel testified that the Petitioner signed the waiver of rights but did not sign the judgment sheet.

The Petitioner agreed that he asked trial counsel about a "time cut" when they were reviewing the guilty plea paperwork. Petitioner testified that trial counsel said he did not know if the Petitioner could petition for the suspension of the remainder of his sentence and that he was not going to ask the prosecutor about it because the prosecutor would refuse. The Petitioner testified that he knew he could not petition to suspend his entire sentence but that he never knew he was prohibited from filing a petition to suspend the remainder of his sentence. The Petitioner stated that he never would have agreed to the plea if he had known he could not file a petition to suspend the remainder of his sentence. On cross examination, the Petitioner testified that after leaving the back room, trial counsel never told him about the special condition. He stated, "I would have remembered if he told me because I wouldn't have accepted the sentence." He further testified that the prosecutor never told the Petitioner or trial counsel about the special condition.

The Petitioner also testified that he is a "changed individual." He stated that he had completed four of the five classes in which he was enrolled at the penal institution, that he had had no write-ups, and that he had passed frequent drug screenings. To show the Petitioner's rehabilitation, the results from a recent drug screening and a letter of recommendation from the Petitioner's case manager in a program entitled Hope Works were introduced into evidence.

Following the hearing, the post-conviction court denied the petition for post-conviction relief. The court held that the Petitioner did not meet his burden of showing that trial counsel's performance was deficient, noting that trial counsel indicated that he reviewed the details of the plea with the Petitioner. The court also determined that the guilty plea was entered into voluntarily, knowingly, and intelligently.

## ANALYSIS

On appeal, the Petitioner argues that trial counsel provided ineffective assistance by failing to inform him that he would be prohibited from petitioning to suspend the remainder of his sentence as a condition to his guilty plea. The Petitioner also argues that his plea was not voluntary and intelligent because the special condition was added after the paperwork had been completed and signed. The State responds that the proof presented at the post-conviction hearing established that trial counsel did inform the Petitioner of the condition before the guilty plea was entered.

To be granted post-conviction relief, a petitioner must establish that his conviction or sentence is void or voidable due to the abridgement of any constitutional right. T.C.A. § 40-30-103. The petitioner has the burden of proving the allegations of fact by clear and convincing evidence. *Id.* § 40-30-110(f); *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn.

2009). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Grindstaff*, 297 S.W.3d at 216 (quoting *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998)). Factual findings made by the post-conviction court are conclusive on appeal unless the evidence preponderates against them. *Ward v. State*, 315 S.W.3d 461, 465 (Tenn. 2010). This court may not substitute its inferences for those drawn by the post-conviction court, and "questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the [post-conviction court]." *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997).

## I. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee the accused the right to effective assistance of counsel. To prevail on a claim for ineffective assistance, a petitioner must prove "that counsel's performance was deficient and that the deficiency prejudiced the defense." *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Failure to establish either deficient performance or prejudice necessarily precludes relief." *Felts v. State*, 354 S.W.3d 266, 276 (Tenn. 2011).

To demonstrate deficiency, a petitioner must show "'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Id*. (quoting *Strickland*, 466 U.S. at 687). A petitioner "'must show that counsel's representation fell below an objective standard of reasonableness' guided by 'professional norms' prevailing at the time of trial." *Id*. (quoting *Strickland*, 466 U.S. at 688). On review, counsel's performance is not to be measured by "20-20 hindsight." *Id*. at 277 (citing *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982)). Instead, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. (citing *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999)). The court must presume that counsel's acts might be "'sound trial strategy,'" and strategic decisions are "'virtually unchallengeable'" when made after a thorough investigation. *Id.* (quoting *Strickland*, 466 U.S. at 689).

To establish prejudice, "a petitioner must establish 'a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different.'" *Id*. (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. In the context of a guilty plea, the focus is "'on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *Calvert v. State*, 342 S.W.3d 477, 486 (Tenn. 2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). A petitioner "'must show that

there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* (quoting *Hill*, 474 U.S. at 59).

Claims of ineffective assistance of counsel in post-conviction petitions are regarded as mixed questions of law and fact. *Grindstaff*, 297 S.W.3d at 216. Factual findings made by the post-conviction court are reviewed de novo with a presumption of correctness, unless the evidence preponderates against the court's factual findings. *Id.* The post-conviction court's conclusions of law, however, are reviewed under a purely de novo standard with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

Here, the Petitioner argues that trial counsel's performance was deficient because trial counsel failed to inform him of the special condition barring him from petitioning to suspend the remainder of his sentence. Trial counsel testified in the post-conviction hearing that he told the Petitioner that if the prosecution asked for the special condition, "then that's the deal and [the Petitioner's] got to live with it," to which the Petitioner responded, "[O]kay." Later on, in the presence of the Petitioner, the prosecution told trial counsel that the Petitioner could not "file a time cut." Trial counsel turned to the Petitioner and relayed the message, to which the Petitioner again responded, "[O]kay." Although the Petitioner testified that he was never told by trial counsel that the special condition would be part of the guilty plea, the post-conviction court accredited trial counsel's testimony over the Petitioner's testimony by denying the petition for post-conviction relief.

We note that all special conditions to a plea agreement should be announced during the plea colloquy. If a special condition is important enough to be included in the judgment, we see no justification for not explaining the special condition to a defendant during the plea colloquy. The trial court here expressed reservation about allowing a defendant to waive his right to petition the court to suspend the remainder of his sentence. A trial judge must be informed of all special conditions to a guilty plea at the time of the plea colloquy. The record is unclear as to when the special condition was added to the judgment. It is clear, though, that the better practice of announcing the special condition during the plea colloquy was not followed. However, the post-conviction court accredited trial counsel's testimony that the Petitioner was informed of the special condition prior to entering his guilty plea, and the evidence does not preponderate against this finding. Accordingly, the Petitioner has not established that trial counsel failed to inform the Petitioner about the special condition to his plea agreement.

Because the Petitioner has failed to show deficiency in trial counsel's performance, he is not entitled to relief, and we need not reach the issue of prejudice. *See*

*Felts,* 354 S.W.3d at 277. Thus, we conclude that trial counsel was not ineffective in his representation of the Petitioner's guilty plea.

## II. Voluntariness of Guilty Plea

The United States Supreme Court has held that the Due Process Clause of the United States Constitution requires a guilty plea to be entered knowingly, voluntarily, and intelligently. *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969). The standard for evaluating whether a plea was entered into knowingly and voluntarily is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 24, 31 (1970) (citations omitted). To determine whether a guilty plea was voluntary and intelligent, the court must look to the totality of the circumstances. *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *see Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). In making this determination, the court looks to various circumstantial factors, such as:

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993) (citation omitted).

The Petitioner argues that he did not enter his guilty plea voluntarily and intelligently because he was not aware of the special condition until after he signed the paperwork. The fact that the Petitioner had reviewed and signed the paperwork before learning of the special condition is not determinative. Trial counsel testified that he informed the Petitioner that if the prosecution wanted to include the special condition, "then that's the deal," to which the Petitioner responded, "[O]kay." In denying the Petitioner's petition for relief, the post-conviction court accredited trial counsel's testimony that the Petitioner was informed of the special condition before his guilty plea was entered.

The Petitioner also notes that only trial counsel signed the judgment form, which included the special condition. However, the judgment form's signature line explicitly denotes that the Petitioner's signature is optional. The fact that the Petitioner did not opt

into signing the form does not preponderate against the evidence that the Petitioner was aware of the special condition before he entered his guilty plea in open court.

We again note that the better practice is to explain any special condition on the judgment to a defendant in open court, but because Petitioner was aware of the special condition before entering his guilty plea, we hold that his plea was entered voluntarily and intelligently.

## CONCLUSION

Based on the foregoing, we affirm the post-conviction court's denial of the Petitioner's post-conviction petition.

_____
JOHN EVERETT WILLIAMS, JUDGE